**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JING WANG, | No. 07-70887 |
| Petitioner, | Agency No. A095-403-339 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and TROTT, Circuit Judges.

Jing Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

The immigration judge also denied Wang's request for protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture, but Wang has not challenged that denial. We review the BIA's factual findings for substantial evidence. Rivera v. Mukasey, 508 F.3d 1271, 1274 (9th Cir. 2007). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination because the inconsistencies regarding the date of the protest rally, when Wang alleged the police beat him and detained him, go to the heart of his claim that he was targeted for his adherence to Falun Gong. See Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir. 2005) (concluding that discrepancies were significant because they involved one of the few interactions between the petitioner and the police). Moreover, every newspaper article in the record, each from a reputable news organization, describes the April 25, 1999 rally as peaceful.

The record does not compel a conclusion that Wang testified credibly. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). In the absence of credible evidence, Wang has failed to show eligibility for asylum or withholding. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

PETITION FOR REVIEW DENIED.